UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONNIE CHI WAN, | ) | |
|           Plaintiff, | ) | Case No. 2:13-cv-01362-RCJ-GWF |
| vs. | ) | **ORDER** |
| PULTE MORTGAGE, *et al.*, | ) | Motion to Compel (#11) |
|           Defendants. | ) | |

This matter comes before the Court on Defendant Chase Bank, N.A.'s ("Chase") Motion to Compel Discovery from Plaintiff (#11), filed on November 27, 2013. The Motion is currently scheduled to be heard before the Court on December 30, 2013, *see December 3, 2013 Minute Order, Doc. #12*, but for the reasons stated below, the Court will grant the Motion and vacate the hearing.

**BACKGROUND AND DISCUSSION**

**I.  Discovery**

Chase represents that it served Plaintiff with its First Set of Interrogatories and First Set of Request for Production of Documents ("discovery requests") on September 30, 2013. Chase further represents that the due date for responses, November 4, 2013, passed with no communication from Plaintiff. Chase also avers that on October 24, 2013, it properly noticed Plaintiff's deposition for November 13, 2013. On November 7, 2013, Chase again served both the discovery requests and the notice of deposition on Plaintiff, but Plaintiff neither responded to the discovery nor attended his deposition. Chase sent a letter to Plaintiff on November 15, 2013 inquiring as to the discovery responses, to which Chase represents Plaintiff responded by mailing

irrelevant or otherwise non-responsive documents.  Finally, Chase claims all responses to its Interrogatories remain outstanding.

      Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  For good cause, the court may broaden the scope of discovery to any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Relevancy under Rule 26(b)(1) is liberally construed.  *U.S. E.E.O.C. v. Caesars Entertainment, Inc.,* 237 F.R.D. 428, 431–32 (D.Nev. 2006).  Indeed, Rule 26 encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues.  *See id.* at 351.

      Simply not responding to discovery requests is not an option.  If a responding party is unable to provide the requested information, he must state under oath that he is unable to provide the information and must describe the efforts he expended attempting to obtain it.  *See Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Calif. 2012).  Similarly, if a responding party objects to a particular discovery request, he must respond by stating the grounds for the objection with specificity.  *See*, *e.g.,* Fed. R. Civ. P. 33(b)(4).  Furthermore, "it is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.  *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981).  Similarly, a party may not simply fail to show up to a properly noticed deposition; rather, he must move for a protective order under Rule 26(c).  *See, e.g., Apple Inc. v. Samsung Elec. Co., Ltd.*, 282 F.R.D. 259, 262 (N.D. Calif. 2012).

      Here, Chase alleges that Plaintiff responded to none of Chase's Interrogatories, provided non-responsive documents in response to Chases's Requests for Production, and failed to attend his properly noticed deposition, allegations that Plaintiff does not oppose.  Because Plaintiff waived any objections to Chase's discovery requests by failing to either timely respond or properly assert objections, the Court will order Plaintiff to respond to all of Chases's requests without objection.

Likewise, because Plaintiff failed to attend his deposition without first obtaining a protective order, the Court will compel Plaintiff to appear for a deposition.

Furthermore, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. The time to oppose the instant Motion has expired, and no opposition has been filed.

**II. Sanctions**

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court may, "after giving an opportunity to be heard, require the party [...] whose conduct necessitated the motion [...] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Although the Court granted Chase's Motion, it is mindful that Plaintiff is appearing pro se in this matter and may not be familiar with the operation of the discovery rules. Therefore, the Court will not exercise its discretion to impose attorney's fees, but will caution Plaintiff that failure to comply with this Order or with the rules of discovery in the future may result in the imposition of sanctions. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chase's Motion to Compel (#11) is **granted** as follows:

(1) Plaintiff shall respond to each of Chase's First Set of Interrogatories without objection within 14 days of the date of this Order;

(2) Plaintiff shall produce all documents within his possession, custody, or control that are responsive to Chase's First Set of Request for Production of Documents without objection within 14 days of the date of this Order;

(3) Plaintiff shall make himself available to be deposed within 30 days of the date of this Order.

...

...

...

...

...

**IT IS FURTHER ORDERED** that the 1:30 PM, December 30, 2013 hearing currently scheduled for this Motion is **vacated**.

DATED this 17th day of December, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge