1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

## DISTRICT OF NEVADA

7

8   RONNIE CHI WAN,                                )
                                                   )
9                        Plaintiff,                )          Case No. 2:13-cv-01362-RCJ-GWF
                                                   )
10  vs.                                            )          **ORDER**
                                                   )
11  PULTE MORTGAGE, *et al.*,                      )          Motion to Strike (#23)
                                                   )
12                       Defendants.               )
    ───────────────────────────────────           )
13

14        This matter is before the Court on Defendant JPMorgan Chase Bank, N.A.'s ("Chase")

15  Motion to Strike (#23), filed on March 28, 2014.

16        The Court entered a Findings and Recommendation (#19) on March 6, 2014 requesting the

17  District Judge grant Defendant's Motion for Case-Ending Sanctions for Plaintiff's Failure to

18  Comply with the Court's Order (#14).  Plaintiff subsequently filed a Response (#20) and Motion to

19  Reconsider (#22) on March 14, 2014, requesting the Court allow Plaintiff to pursue his case on the

20  merits in lieu of terminating it due to his non-compliance.  Plaintiff then filed a Supplemental

21  Document (#21) containing a report from Certified Forensic Loan Auditors regarding Plaintiff's

22  Loan.  In response, Defendant Chase filed the present Motion to Strike (#23), therein alleging

23  Plaintiff's supplemental document is not associated with any motion or court directive currently

24  under consideration by the Court.

25        Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he Court may strike

26  from a filing any insufficient defense or any redundant, immaterial, impertinent, or scandalous

27  matter."  Generally, motions to strike allegedly redundant, immaterial, impertinent, or scandalous

28  matter are not favored.  *Id*.  Furthermore, a matter will not be stricken unless it is clear it can have

no possible bearing upon the subject matter of the litigation.  *Id*.  If there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied.  *Id*.

Here, Plaintiff mentions in his Response (#20) and Motion for Reconsideration (#22) that he obtained a "securitization audit that detailed the facts and issues with the title, and established evidence that the foreclosure was fraudulent."  *See Doc. #22*.  Plaintiff does so in an attempt to establish that the Court's terminating sanction is excessive and should be reconsidered in favor of deciding the case on the merits.  Plaintiff also appears to reference the securitization audit to explain his request for an extension of time.  The Court, therefore, finds that Plaintiff's supplemental document has a potential bearing to the Plaintiff's Motion for Reconsideration, if not the contents of the report, then possibly the existence of the report in corroborating Plaintiff's reasoning for his delay.  Accordingly,

**IT IS HEREBY ORDERED** that  Defendant JPMorgan Chase Bank, N.A.'s Motion to Strike (#23) is **denied** without prejudice.

DATED this 1st day of April, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

2